UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0339 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JASON DARWIN DEAN, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Lee R. Johnson, JOHNSON & GREENBERG, PLLP, for defendant.

Defendant Jason Dean is charged with possessing with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 9. After a preliminary hearing, United States Magistrate Judge Janie S. Mayeron ordered that Dean be detained. ECF Nos. 7 and 8.

This matter is before the Court on Dean's motion pursuant to 18 U.S.C. § 3145(b) to review and to amend the order of detention. The Court has conducted a de novo review. *See United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir. 1985) (en banc). For the reasons stated below, Dean's motion is denied, and Dean is ordered to be detained pending trial.

Under 18 U.S.C. § 3142(e), a court may order that a defendant be detained pending trial if the government either (1) proves by a preponderance of the evidence

that no condition or combination of conditions will reasonably assure the defendant's appearance; or (2) proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). Whether sufficient conditions exist depends on the factors listed in § 3142(g), including the nature of the crime and the history of the defendant. *Id.*

When there is probable cause to believe that the defendant has committed a drug-trafficking offense that carries a maximum term of imprisonment of ten years or more, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ." 18 U.S.C. § 3142(e)(3). In this case, the charge Dean faces carries a *minimum* of ten years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), and Dean does not dispute that probable cause exists, so the rebuttable presumption against release applies. Facing this presumption, the defendant bears "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but

remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436).

Dean asserts that, since Judge Mayeron held the detention hearing, two of his friends have volunteered to provide him with lodging and to "make sure that [he] makes it to all further court appearances." ECF No. 18 ¶ 9. He also submits the affidavit of a bail bondsman who avers that he has written bonds for Dean in the past and does not believe that Dean is a flight risk. ECF No. 18-1. Finally, Dean asserts that, although he has previously failed to appear for court in other cases more than 50 times, "most, if not all of these failures were d[ue] to some inadvertence unrelated to an intent or desire not to appear," and that "at least 40 of these failures" were due to him being in custody in another jurisdiction. ECF No. 18 ¶ 7.

Even if these assertions are true, the Court agrees with Judge Mayeron that no condition or combination of conditions will reasonably assure the appearance of Dean or the safety of the community. Notably, not only is Dean charged with a serious drug-trafficking crime, but Dean already has a lengthy criminal history that includes theft- and drug-related felonies, as well as violations of probation and pretrial bonds. In addition, Dean has no satisfactory explanation for failing to appear approximately 10 times in other cases—which, in the Court's view, is 10 times too many. Finally, although Dean apparently has an offer to live at a friend's home, he still has virtually no

history of steady employment, and even a friend with the best of intentions cannot keep an eye on Dean every minute of every day.

Accordingly, considering the relevant factors listed in § 3142(g) and giving weight to the presumption under § 3142(e)(3), the Court concludes that no condition or combination of conditions will reasonably assure the appearance of Dean or the safety of the community and orders that Dean be detained.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Jason Dean to review and to amend the detention order [ECF No. 18] is DENIED.

2. Dean is hereby ordered DETAINED under 18 U.S.C. § 3142(e).

3. Dean is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Dean must be afforded reasonable opportunity to consult privately with his counsel.

5. On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Dean is confined must

deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Date:  January 8, 2016                              s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge