UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0339(1) (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JASON DARWIN DEAN, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, FEDERAL DEFENDER'S OFFICE, for defendant.

Defendant Jason Dean is serving a 125-month sentence after pleading guilty to possessing methamphetamine with intent to distribute.  This matter is before the Court on Dean's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  Although the question is very close, the Court will grant the motion.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A).  Unfortunately, however, § 1B1.13 was issued when the Bureau of Prisons had the sole

authority to bring motions for release under § 3582(c)(1)(A).  Section 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf.  *See United States v. McCoy*, Nos. 20-6821, 20-6869, 20-6875, 20-6877, 2020 WL 7050097, at *6–7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The Eighth Circuit has not yet addressed this issue.  In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

Dean seeks release on the ground that, due to his various medical conditions, he is at particular risk from the COVID-19 pandemic.  The government concedes that Dean's medical conditions, in combination with the pandemic, satisfy the "extraordinary and compelling" standard of § 3582(c)(1)(A)(i).  *See* U.S.S.G. § 1B1.13, cmt. n.1 (listing examples of extraordinary and compelling reasons and providing a

catch-all standard for cases in which non-listed extraordinary and compelling reasons exist).

The Court agrees with the parties that Dean's health conditions, including what appears to be rather severe asthma, put him at heightened risk from COVID-19.[1] Significantly, in August of this year, Dean suffered an asthma attack during which his blood-oxygen saturation level plunged below 90% and he had difficulty speaking. Add. 62–63.  Using his inhaler did not yield any improvement; he needed supplemental oxygen and a corticosteroid injection.  *Id.*  The next day, Dean's blood-oxygen level was still on the low end of normal.  *Id.* at 59.

The facility in which Dean is incarcerated is currently experiencing a significant COVID-19 outbreak.  As of November 22, there were 20 active infections among inmates and 7 among staff.  *See* ECF No. 55 at 14.  As of this writing (less than two weeks later), those numbers have risen to 107 and 9, respectively,[2] representing over

---

[1]*See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (listing moderate-to-severe asthma, hypertension, and being overweight as potential risk factors) (last visited Dec. 2, 2020).

[2]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 2, 2020).

10% of the inmates in the facility.³  The Court therefore agrees with the parties that, given Dean's medical condition and the outbreak at his facility, he has identified extraordinary and compelling reasons for a reduction in his sentence.

Before reducing a sentence under § 3582(c)(1)(A), however, the Court must first consider the factors in 18 U.S.C. § 3553(a).  And although § 1B1.13 is not binding, the Court is persuaded that its instruction to "determine[] that . . . the defendant is not a danger to the safety of any other person or to the community" identifies a particularly important factor in determining whether a defendant should be released.  *See also* 18 U.S.C. § 3553(a)(2)(C) (identifying "protect[ion of] the public from further crimes of the defendant" as a relevant sentencing factor).

Dean has an extensive criminal history and, although most of his offenses of conviction are technically non-violent, his record includes many troubling indications of violent propensities.  Dean also has a history of failing to appear and of violating the terms of court supervision.  In most cases, this background would be sufficient to persuade the Court to deny a motion for release.  But because Dean denies the most troubling allegations against him—and because those allegations did not result in

---

³Federal Bureau of Prisons, *FCI Pekin*, https://www.bop.gov/locations/institutions/pek/ (last visited Dec. 2, 2020) (stating that there are 939 inmates at the FCI).

convictions—the Court must be cautious not to make decisions about Dean based on information that may not be entirely reliable.

Weighing all of the relevant factors, the Court finds that the best course of action is to grant Dean's motion but to impose an additional 12-month term of supervised release under § 3582(c)(1)(A) with the condition that Dean spend that term on home confinement.  That 12-month term of home confinement will then be followed by the original 5-year term of supervised release with the conditions imposed at sentencing.  Given the Court's concerns about Dean's criminal history, the Court warns Dean that it will have no tolerance for any criminal behavior, use of illegal drugs, failure to obey the instructions of the probation officer, or other violations of his conditions of supervised release.  Any violation of the conditions of Dean's supervised release is likely to land him back in prison.  At that point, Dean will have only himself to blame for any health risks created by his reincarceration.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Jason Darwin Dean for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 49] is GRANTED.

2. Dean's sentence of incarceration is reduced to time served, and one year of his remaining sentence of incarceration is converted to a new 12-month term of supervised release that runs from the day he is released from prison.

3. During the new 12-month term of supervised release, Dean is subject to the terms and conditions listed in the sentencing judgment [ECF No. 44] and to the following additional condition: Dean must participate for a period of 12 months in a home-detention program, with electronic monitoring, and with release privileges for employment; education; religious services; medical, substance-abuse, or mental-health treatment; court obligations; and discretionary-leave activities as approved in advance by the probation officer. Dean will not be responsible for the costs of electronic monitoring.

4. Following the expiration of the new term of supervised release, Dean shall immediately commence his original 5-year term of supervised release under the terms and conditions listed in the sentencing judgment [ECF No. 44].

5. Dean shall be released from the custody of the Bureau of Prisons as soon as his release plan is implemented, travel arrangements have been made,

and any applicable quarantine period required in light of the COVID-19 pandemic has been completed. The Bureau of Prisons shall have a reasonable amount of time to make arrangements for Dean's release. The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in the Bureau of Prisons's custody or instead in the community.

Dated: December 2, 2020

_s/ Patrick J. Schiltz_
Patrick J. Schiltz
United States District Judge